IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUZ E. FELICIANO<br>Plaintiff<br><br>vs.<br><br>COMMONWEALTH OF PUERTO RICO;<br>PUERTO RICO DEPARTMENT OF<br>JUSTICE through its Secretary<br>ANABELLE RODRIGUEZ, AND PUERTO<br>RICO DEPARTMENT OF EDUCATION;<br>Defendants | CIVIL NO. |

## AMENDED COMPLAINT

**TO THE HONORABLE COURT:**

COMES NOW Plaintiff, Luz E. Feliciano, in the case at bar, through the undersigned attorneys and very respectfully STATES AND PRAYS as follows:

**I.  Jurisdiction and Venue**

This Honorable Court has jurisdiction over this civil action pursuant to 28 USC § 1343, this being a civil action which arises under 42 USC sec. 2000 (e) et seq, Civil Rights Act of 1964, the American with Disabilities Act, ("ADA"), and the Constitution of the United States. This Honorable Court also has supplemental jurisdiction over this civil action pursuant to 28 USC § 1367, over the state law claims under the Constitution of Puerto Rico, and Law No. 100 of June 30, 1959 and Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. sec. 5141.

**II.  Parties**

1. Luz Eneida Feliciano, hereafter "plaintiff" or "Feliciano", is a resident and domiciliary of the Commonwealth of Puerto Rico, of legal age, single and her residence is in Barranquitas, Puerto Rico.

**Luz E. Feliciano  v. Commonwealth of Puerto Rico, et als.**
**Amended Complaint**

2. Commonwealth of Puerto Rico is the entity responsible for all the acts of any of its agencies, as stated in this complaint.

3. Puerto Rico Department of Justice is the agency responsible for the representation of any of the state departments, through the Secretary of Justice Anabelle Rodríguez.

4. Puerto Rico Department of Education, at the time of the facts alleged in the complaint, was Plaintiff's employer.

5. Mr. Edgardo Rodríguez, at the time of the facts alleged in this complaint, was Plaintiff's supervisor and the Director of the School. He is being sued in his official and personal capacity.

6. John Doe is denominated as to any natural or juridical person whom may be responsible for the facts alleged in the instant complaint.

7. Insurance ABC is referred as to any insurance company that may have insurance policy coverage for the facts alleged herein.

**III.   Facts**

8. Plaintiff Luz Eneida Feliciano have been working for the Puerto Rico Department of Education since the year 1995, as English teacher.

9. Since the year 2002, Plaintiff was relocated to the Municipality of Barranquitas, in the  "Escuela de la Comunidad Ramón T. Rivera, Segunda Unidad Lajitas".

10. On July 2, 2002, Plaintiff requested a reasonable accommodation due to her asthma and "trombositopenia" conditions and circulatoty problems ("claudicación intermitente"). The Department of Education granted the accommodation.

**Luz E. Feliciano v. Commonwealth of Puerto Rico, et als.**
**Amended Complaint**

Nevertheless, Plaintiff's supervisor and school director, Mr. Edgardo Rodríguez, refused to accommodate Plaintiff.

11. On November 7, 2002, the issue of the reasonable accommodation was discussed between Plaintiff and her supervisor, Mr. Edgardo Rodríguez. Once again, co-defendant Mr. Edgardo Rodríguez refused to accommodate Plaintiff.

12. Plaintiff worked for almost a year in a classroom full of books with rat filth. This condition deteriorated Plaintiff's health.

13. On April 28, 2003, after being hospitalized due to her serious health condition, Plaintiff submitted another petition for a reasonable accommodation, due to the failure to accommodate on behalf of co-defendant Edgardo Rodríguez.

14. On May 5, 2003, co-defendant Rodríguez was inquired by the Department of Education on his failure to accommodate Plaintiff. Nevertheless, nothing was done neither by co-defendant Rodríguez or the Department of Education. Even though, some personnel from the Department of Education as Ms. Ruth Cardona and Ms. Migdalia Rosado, were concern about Plaintiff's petition.

15. In May, 2003, Plaintiff referred the case to OSHA, since her health was worsened. OSHA ordered co-defendant Rodríguez to immediately remove the boxes with books containing rat filth. Those books were kept in Plaintiff's classroom until the end the school semester.

16. Plaintiff's health was so deteriorated that she had no other choice than to start a treatment with the State Insurance Fund.

**Luz E. Feliciano  v. Commonwealth of Puerto Rico, et als.**
**Amended Complaint**

### IV. Causes of Action

17. The preceding paragraphs are literally incorporated herein and made part of this paragraph.

18. Defendant's actions constitute a violation of Title IV of the Civil Rights Act of 1964. This Act prohibits discrimination. Said statute protects plaintiff from the facts alleged in this complaint.

19. Plaintiff is entitled to receive damages, pursuant to the federal statues and Puerto Rico law. The total damages are thus estimated to be an amount of no less than $500,000.00.

20. The discrimination by cause of disability and failure to accommodate, incurred by Defendants constitute a violation of Title IV of the Civil Rights Act of 1964, and the American with Disabilities Act, as amended. Those Acts prohibit discrimination. Said statutes protects plaintiff from the facts alleged in this complaint.

21. These allegations are brought independently and as a pattern of discriminatory serial violations conduct, against Plaintiff, emanating from the same discriminatory animus because of her disability.

22. Co-defendant jointly and severally personally, and/or in conspiracy amongst themselves have caused to plaintiff through their discriminatory practice against her motivated by the failure to accommodate, emotional damages.

23. Co-defendants jointly and severally, personally and/or in conspiracy amongst themselves with their respective and collective actions and deeds against Plaintiff and through the intentional infliction of emotional distress have caused Plaintiff the

4

**Luz E. Feliciano  v. Commonwealth of Puerto Rico, et als.**
**Amended Complaint**

      following damages: headaches, anxiety, depression, deterioration and/or loss of her social, personal and family relationships, loss of self-esteem, and enjoyment of life, mental and emotional anguishes in the amount of $500,000.00.

24. Co-defendants have jointly and severally, personally and/or in conspiracy amongst themselves, deprived Plaintiff of her constitutional rights to equal protection of the laws, and to her liberty and proprietary right and to be free from discrimination because of disability, causing as well damages for such actions.

**VI    Petition for Relief**

WHEREFORE, Plaintiffs pray for the following relief:

(A) That this Honorable Court declare the actions of Defendants herein to be in violation of Title VI of the Civil Rights Act of 1964, the American with Disabilities Act, ("ADA"), and the Puerto Rico laws, based upon Plaintiff's discrimination.

(B) That Plaintiff be awarded for damages from Defendants in an amount to be determined at trial, but that is estimated not to be less than $1,000,000.00.

(C) That Plaintiff be awarded punitive damages for Defendants malicious and/or reckless conduct in an amount to be determined at trial, but estimated not to be less than $1,000,000.00.

(D) That the cost of this action, including reasonable attorney's fees, be taxed against Defendants.

(E) That Plaintiff be awarded pre-judgment and post-judgment interests.

(F) That a jury tries all issues of fact.

(G) That Plaintiff be granted any other relief they may be entitled to as a matter of law.

**Luz E. Feliciano  v. Commonwealth of Puerto Rico, et als.**
**Amended Complaint**

    (H)    That Plaintiff be compensated in accordance with Puerto Rico's Act 100, 21 LPRA sec. 4001, *et seq.*, or any other applicable statute.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 12th day of August, 2004.

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

 

s/ NICOLAS NOGUERAS CARTAGENA
USDC No. 109712
nnogueras@coqui.net

**NICOLÁS NOGUERAS, JR.**
**Law Offices**
**Attorneys for Plaintiffs**
**P.O. Box 195386**
**San Juan, Puerto Rico 00919-5386**
**Tel.(787) 296-1958**
**Fax. (787) 772-4605**