IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUZ E. FELICIANO,

    Plaintiff,

    v.

COMMONWEALTH OF PUERTO RICO, et al.,

    Defendants.

CIVIL NO. 04-1744 (RLA)

## **ORDER DISMISSING THE COMPLAINT**

Co-defendant, the Puerto Rico Secretary of Justice, has moved the court to dismiss the instant complaint pursuant to Rule 12(c) of the Fed. R. Civ. P. The court having reviewed the arguments presented by the parties hereby disposes of defendant's request as follows.

### **RULE 12(c)**

Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay trial, any party may move for judgment on the pleadings." The standard for ruling on a motion filed under Rule 12(c) is essentially the same as that for deciding on a motion to dismiss filed under Rule 12(b)(6). "[T]he trial court must accept all of the nonmovant's well-pleaded factual averments as true, and draw all reasonable inferences in his favor... The motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." McCord v. Horace Mann Ins. Co., 390 F.3d 138, 141 (1st

Cir. 2004) (citations omitted). "Because such a motion calls for an assessment of the merits of the case at an embryonic stage, the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom to the nonmovant's behoof (sic)." R.G. Fin. Corp. v. Vergara-Nuñez, 446 F.3d 178, 182 (1st Cir. 2006). "There is no resolution of contested facts in connection with a Rule 12(c) motion: a court may enter judgment on the pleadings only if the properly considered facts conclusively establish the movant's point." *Id*. *See also*, Aponte-Torres v. Univ. of Puerto Rico, 445 F.3d 50, 54 (1st Cir. 2006).

## THE AMENDED COMPLAINT

The appearing defendants in the caption of the Amended Complaint filed in this case (docket No. 3) are: (1) THE COMMONWEALTH OF PUERTO RICO,[1] (2) THE PUERTO RICO DEPARTMENT OF JUSTICE through its Secretary[2] and (3) THE PUERTO RICO DEPARTMENT OF EDUCATION "Education Department". Additionally, at ¶ 5 of the pleading plaintiff also alleges that EDGARDO RODRIGUEZ, her supervisor, "is being sued in his official and personal capacity."

Plaintiff asserts claims under the Civil Rights Act of 1964 as well as the American with Disabilities Act ("ADA"). Supplemental

---

[1] Named "as the entity responsible for all the acts of any of its agencies". ¶ 2.

[2] This party is included because it "is the agency responsible for the representation of any of the state departments". ¶ 3.

claims are pled under Law No. 100 of June 30, 1959, 29 P.R. Laws Ann. § 146 (2002) and under Puerto Rico's tort provisions as established in art. 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141 (2002).

The complaint seeks compensatory and punitive damages. No equitable relief is demanded.

According to the amended pleading, plaintiff started working for the Education Department as an English teacher in 1995. In 2002 plaintiff was relocated to a public school in the town of Barranquitas where she was assigned to a classroom full of books with "rat filth" which affected her health. On July 2, 2002 plaintiff requested and was granted accommodation by the Education Department due to her asthma, "trombositopenia" condition and circulatory problems. However, MR. RODRIGUEZ, plaintiff's supervisor, refused to accommodate her. The reasonable accommodation issue was discussed with her supervisor on November 7, 2002 to no avail. Plaintiff further alleged that she worked in a classroom full of books with "rat filth" for almost a year which deteriorated plaintiff's health.

On April 28, 2003, after having been hospitalized due to her serious health condition, plaintiff submitted another request for a reasonable accommodation. On May 5, 2003 the Education Department questioned MR. RODRIGUEZ regarding the failure to accommodate plaintiff but no action was taken.

In May 2003, plaintiff referred the matter to OSHA because her health continued to deteriorate. OSHA directed MR. RODRIGUEZ to immediately remove the boxes with books containing rat filth from her classroom. However, the books remained there until the end of the semester.

By then, plaintiff's health had deteriorated to a degree that she had to seek treatment with the STATE INSURANCE FUND.

## ELEVENTH AMENDMENT

The Eleventh Amendment to the United States Constitution bars the commencement and prosecution in federal court of suits claiming damages brought against any state, including Puerto Rico, without its consent. <u>Toledo v. Sanchez</u>, ___ F.3d ___, No. 05-1376, 2006 WL 1846326 (1st Cir. July 6, 2006); <u>Fresenius Med. Care Cardiovascular Res., Inc. v. Puerto Rico and Caribbean Cardiovascular Ctr. Corp.</u>, 322 F.3d 56, 61 (1st Cir. 2003); <u>Futura Dev. v. Estado Libre Asociado</u>, 144 F.3d 7, 12-13 (1st Cir. 1998); <u>In re San Juan Dupont Plaza Hotel Fire Lit.</u>, 888 F.2d 940, 942 (1st Cir. 1989); <u>Ramírez v. P.R. Fire Serv.</u>, 715 F.2d 694, 697 (1st Cir. 1983).

Eleventh Amendment immunity applies even though the state has not been named in the suit. Its protection is extended to governmental entities which are deemed an arm or alter ego of the state. <u>Royal Caribbean Corp. v. Puerto Rico Ports Auth.</u>, 973 F.2d 8, 9-10 (1st Cir. 1992); <u>In re San Juan Dupont Plaza Hotel Fire Lit.</u>, 888 2d at 943-44. In this regard the Education Department has been found

**CIVIL NO. 04-1744 (RLA)**                                                                                  **Page 5**

entitled to Eleventh Amendment immunity. Fernández v. Chardón, 681 F.2d 42, 59 n.13 (1st Cir. 1982).

Additionally, actions for damages filed against government officials in their official capacity are deemed actions against the state since the real party in interest is the government and not the official. Pennhurst St. Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-102, 104 S.Ct. 900, 908-909, 79 L.Ed.2d 67, 79 (1984). Hence, Eleventh Amendment immunity applies in these cases even though the state has not been named in the suit. Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Suits against officers in their official capacity seeking monetary relief are tantamount to actions directly against the state. Will v. Mich. Dep't of St. Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Thus, no claims for damages may be asserted against a state agency or a state official acting in his official capacity in federal court under the Eleventh Amendment immunity. *See, i.e.*, Destek Gp., Inc. v. St. of New Hampshire Pub. Utilities Com'n, 318 F.3d 32, 40 (1st Cir. 2003); Wang v. New Hampshire Bd. of Registration in Med., 55 F.3d 698, 700-701 (1st Cir. 1995).

**CIVIL NO. 04-1744 (RLA)**                                                                                    **Page 6**

## CLAIMS

### Civil Rights Act

Plaintiff alleges that defendants' conduct constitutes discrimination under Titles IV,[3] VI[4] and VII[5] of the Civil Rights Act of 1964. However, none of these provisions is applicable to the facts alleged in this case inasmuch as they all relate exclusively to discrimination based on "race, color, religion, sex or national origin". Title IV[6] addresses desegregation in public schools; Title VI[7] prohibits discrimination in federally assisted programs and Title VII[8] proscribes discrimination in employment.

There is no allegation in the complaint of the type of discrimination addressed by the Civil Rights Act.

### ADA - Failure to Accommodate

ADA "forbids discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services programs, and activities, which are the subject of Title II; and public accommodations, which

---

[3] Amended Complaint ¶¶ 18 and 20.

[4] Amended Complaint ¶ (A) p.5.

[5] Amended Complaint I Jurisdiction and Venue - reference to 42 U.S.C. § 2000e.

[6] *See*, 42 U.S.C. § 2000c.

[7] *See*, 42 U.S.C. sec.. 2000d.

[8] *See*, 42 U.S.C. §§ 2000e-2 and 2000e-3.

**CIVIL NO. 04-1744 (RLA)**                                                     **Page 7**

---

are covered by Title III." Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 372, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001).

It is evident from a reading of plaintiff's complaint that her claim under ADA is based exclusively on defendants' alleged failure to grant her a reasonable accommodation in her work under Title I.[9] However, under Garrett, states have been found to be immune from Title I ADA suits in federal court based on the protection afforded by the Eleventh Amendment.[10]

### ADA - Retaliation

Plaintiff attempts to circumvent defendant's Eleventh Amendment immunity defense by claiming to have asserted a cause of action under

---

[9] The First Circuit Court of Appeals has listed the following requirements for a failure to accommodate claim: (a) the plaintiff must furnish sufficient admissible evidence that he/she is a qualified individual with a disability within the meaning of the ADA; (b) that he/she worked for an employer covered by the ADA; (c) that the employer, despite its knowledge of the employee's physical limitations, did not accommodate those limitations; (d) that the employer's failure to accommodate the known physical limitations affected the terms, conditions, or privileges of the plaintiff's employment. *See,* Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 264 (1st Cir. 1999).

[10] This immunity has not been extended to certain Title II ADA actions. *See, i.e.,* Tennessee v. Lane, 541 U.S. 509, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004) (case involving access to courts brought by individuals protected by the statute); Toledo v. Sanchez, ___ F.3d ___ 2006 WL 1846326 (student purportedly denied accommodation at public education facility). Although addressed at a lower level, the Eleventh Amendment's applicability to Title III suits is yet to be resolved by the United States Supreme Court. *See, i.e.,* Simmang v. Texas Bd. of Law Examiners, 346 F.Supp.2d 874 (W.D.Tex. 2004) (Title III suits barred by the Eleventh Amendment).

**CIVIL NO. 04-1744 (RLA)**                                                                    **Page 8**

ADA's retaliation provision.[11] "[A retaliation] claim is usually made by one who requests an accommodation or complains about a refusal to accommodate and is then punished for the request or the complaint. Guzman-Rosario v. United Parcel Service, Inc., 397 F.3d 6, 11 (1st Cir. 2005).

The analysis established under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) utilized for retaliation claims in Title VII actions has been applied to ADA suits. Champagne v. Servistar Corp., 138 F.3d 7, 12 (1st Cir. 1998). Thus, in this particular case, absent direct evidence of discriminatory *animus*, plaintiff must initially establish a *prima facie* case of retaliation by showing that: (1) she engaged in ADA protected conduct; (2) suffered an adverse employment action; and (3) a causal connection exists between these two events. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); Noviello v. City of Boston, 398 F.3d 76, 88 (1st Cir. 2005); Che v. Mass. Bay Transp. Auth., 342 F.3d 31, 38 (1st Cir. 2003); Dressler v. Daniel, 315 F.3d at 78; Gu v. Boston Police Dep't,

---

[11] 42 U.S.C. § 2203(a) provides:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

**CIVIL NO. 04-1744 (RLA)**                                                                **Page 9**

312 F.3d 6, 14 (1st Cir. 2002); Marrero v. Goya of P.R., 304 F.3d 7, 22 (1st Cir. 2002); Hernandez-Torres v. Intercontinental Trading, Inc., 158 F.3d 43 (1st Cir. 1998); Hodgens v. Gen. Dynamics Corp., 144 F.3d 151, 161 (1st Cir. 1998); Champagne, 138 F.3d at 12 n.5; Fennell v. First Step Designs, Ltd., 83 F.3d 526, 535 (1st Cir. 1996); Hoeppner v. Crotched Mountain Rehab. Ctr., 31 F.3d 9, 14 (1st Cir. 1994). "Once the plaintiff has made a prima facie showing of retaliation, the *McDonnell Douglas* burden-shifting approach is employed, and defendant must articulate a legitimate, non-retaliatory reason for its employment decision. If the defendant meets this burden, the plaintiff must now show that the proffered legitimate reason is in fact a pretext and that the job action was the result of the defendant's retaliatory animus." Calero-Cerezo v. U.S. Dept. of Justice, 355 F.3d 6, 26 (1st Cir. 2004); Wright v. CompUSA, Inc., 352 F.3d 472, 478 (1st Cir. 2003); Che, 342 F.3d at 39.

An examination of the allegations in the complaint - which we must note are extremely vague - leads us to the inescapable conclusion that no retaliation claim was pled. The facts asserted in the pleading merely indicate that plaintiff requested and was granted an accommodation; that her supervisor did not implement it and that she continued working under the same conditions until her health deteriorated to the point where she had to seek treatment at the STATE INSURANCE FUND. There is no allegation that plaintiff was somehow punished for having requested the accommodation.

**BREACH OF STATE LAW**

Additionally, in the Amended Complaint, plaintiff claims defendants breached local laws. However, the Eleventh Amendment also precludes suits premised on alleged violations of state legal provisions.[12]

> A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.

Pennhurst, 465 U.S. at 106, 104 S.Ct. at, 911, 79 L.Ed.2d at 82 (1984).

**CONCLUSION**

Based on the foregoing, we find that the complaint was insufficient to state claim for violation of either the Civil Rights

---

[12] The court having dismissed the federal-based causes of action, plaintiffs' remaining pendent state law claims would have also been dismissed regardless of Eleventh Amendment immunity concerns. *See*, McBee v. Delica Co., Ltd., 417 F.3d 107 (1st Cir. 2005); Gonzalez v. Family Dept., 377 F.3d 81, 89 (1st Cir 2004).

**CIVIL NO. 04-1744 (RLA)** **Page 11**

Act or the ADA. Further, the Eleventh Amendment shields defendants from the state-based claims in this forum.

Accordingly, the Motion for Judgment on the Pleadings (docket No. **22**) is **GRANTED**[13] and Amended Complaint filed in this case is hereby **DISMISSED**.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 10th day of August, 2006.

                                             S/Raymond L. Acosta
                                             RAYMOND L. ACOSTA
                              United States District Judge

---

[13] *See also*, Opposition (docket No. **24**); Reply (docket No. **26**) and Sur Reply (docket No. **33**).